RYDER & METCALF v. COBB.

COBB v. SCOVILLE ET AL.

1. **Priority of Liens:** MORTGAGE AND MECHANIC'S LIEN: FACTS CONSIDERED. S. had contracted for the conveyance to him of certain real estate, but it was not conveyed to him, and he did not take possession, till February 4, 1882, but he was about the premises, and to some extent had control of a portion thereof, prior to that time, and he had contracted for lumber to repair the premises, but the lumber for which the lien was claimed had not been delivered. S., on the day when the conveyance was made to him, mortgaged the premises to C., and the conveyance and mortgage were duly recorded. C. had no actual notice of the contract for the lumber, and there was nothing about the place to indicate that repairs were about to be commenced; neither did C. know anything of S.'s interest in the premises prior to the date of the deed. *Held* that the mortgage was the prior lien.

*Appeals from Buchanan Circuit Court.*

MONDAY, DECEMBER 21.

THE plaintiff commenced an action to establish a mechanic's lien, and the appellant commenced an action to foreclose a mortgage on the same real estate. The actions were tried together, and the court found and adjudged that the lien of the plaintiff was prior and superior to the lien of the mortgage, and the defendant in the first action, and plaintiff in the last, appeal.

*Lake & Harmon*, for appellant.

*J. H. & R. J. Williamson* and *Z. P. Rich*, for appellees.

SEEVERS, J.—The plaintiffs claim to have the prior lien on real estate, on the ground that they furnished certain material for the erection of a building on the real estate, and the defendant claims that he has the prior lien under a mortgage on the same real estate. The question of priority is

the only one we are required to determine. We find the facts to be that prior to January, 1882, one Patterson owned the real estate and was in possession. On or about the fourteenth day of that month the defendant Scoville purchased it. This contract was oral, and Patterson remained in possession until the fourth day of February, 1882, when he conveyed the premises to Scoville, who, on the same day, executed the mortgage to the defendant Cobb. The conveyance and mortgage were duly recorded. We have said that Patterson remained in possession until the conveyance. While this is true, it is also true that Scoville was about the premises, and, to some extent at least, had control of a portion thereof prior to that time. He caused to be constructed or repaired an ice-house on the premises, and caused the same to be filled with ice. The lumber for making the repairs or constructing the ice-house was procured from the plaintiffs prior to the execution of the conveyance and mortgage, and possibly as early as the fourteenth day of January, 1882. The real estate is situate in the town of Winthrop. At the time of the purchase, and until after the execution of the mortgage, Scoville resided with his family about eight miles from Winthrop. Cobb is a resident of Wisconsin, and arrived at Winthrop a day or two prior to the execution of the mortgage, and went to the residence of Scoville, where it was executed. He had no knowledge of the purchase until the execution of the mortgage, and he had no actual knowledge that Scoville had contracted for material, or intended to construct or improve any building on the premises, until long after the execution of the mortgage. The mortgage, therefore, is the prior lien, unless, under the circumstances, Cobb was bound to take notice that plaintiffs had furnished, or contracted to furnish, the building materials at the time the mortgage was executed. The petition states that plaintiffs, under an oral contract with the defendant Scoville, furnished lumber and other materials "for an addition to and improvement of a certain two-story frame hotel, situated," etc. The

plaintiffs charged Scoville on their books with certain materials on the fourteenth day of January, 1882; and, conceding that the contract for material was made at that time, we are unable to find from the evidence that any material was delivered on the premises until after the execution of the mortgage, unless possibly for the construction or repair of the ice-house, and it will be observed that no lien is claimed for such material, conceding it to have been furnished in January, 1882. There is no evidence which tends to show that there was anything on or done to the premises, except the ice-house, which would indicate to any one that repairs or improvements to the buildings or premises were about to be commenced at the time the mortgage was executed.

Conceding that Scoville, under the oral contract of purchase made in January, 1882, obtained an equitable title to or interest in the premises, Cobb had no notice of such title, and he was not bound to know, at the time the mortgage was taken, that the plaintiffs had entered into a contract, prior to that time, to furnish certain materials for the construction and repair of a building on said premises, unless there was something on the premises, or their condition was such, as to require him to take notice that repairs or improvements on the real estate was contemplated.

REVERSED.